JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>US $1,317,828,<br><br>   Defendant. | 2:22-CV-098-APG-EJY<br><br>**Stipulation for Entry of Judgment of Forfeiture as to Kwanfei Chau, Chung Lung Cheng's wife, and Order** |

The United States of America and Kwanfei Chau (Chau), Chung Lung Cheng's wife, through her counsel, David Chesnoff and Richard Schonfeld, agree to settle this case as follows:

1. This civil forfeiture in rem action seeks to forfeit United States currency for violations of 31 U.S.C. §§ 5316(a)(1)(B) and 5324(c) under 31 U.S.C. § 5317(c)(2).

2. If this case were not settled the United States would seek to prove the US $1,317,828 was proceeds not declared in violation of 31 U.S.C. §§ 5316(a)(1)(B) and 5324(c) and are forfeitable under 31 U.S.C. § 5317(c)(2). The United States would seek to prove by a preponderance of the evidence the following.

3. From on or about May 11, 1996, through on or about September 26, 2021, Cheng flew into or out of multiple United States airports. CBP signage and public announcements regarding the transportation of currency and smuggling existed in the international airports where Cheng travelled.

1

4. On September 26, 2021, at approximately 9:24 am, Cheng, Passport KJ0715039, applied for admission at the Harry Reid International Airport, Las Vegas, Nevada, United States, private terminal via private flight tail number N318LS from Hong Kong, China.

5. A Customs and Border Protection Officer (CBPO) and a CBP Agriculture Specialist (CBPAS) met Cheng inside his plane.

6. Lee, Sheung Ying, Passport KJ0464519, offered to translate, and the CBPO made sure both Cheng and Lee were comfortable with translating before proceeding with any questions. The CBPO wanted to ensure Cheng understood what was being asked. Both Lee and Cheng agreed Lee would translate English to Chinese and from Chinese to English. Lee translated without hesitation or delay. Cheng acknowledged he understood what was being translated by his staff member Lee.

7. The CBPO asked Cheng if he had over US $10,000. Cheng declared he did not have any currency and any form of monetary instruments over US $10,000. Cheng's crew staff member Lee, who was in the main cabin of the aircraft with Cheng, translated the information.

8. The CBPO asked a second time if Cheng was bringing anything into the United States to include currency or any form of monetary instruments over US $10,000 that he would like to declare because undeclared items and currency can be seized in accordance with CBP laws and regulations.

9. Cheng stalled and again stated he did not bringing more than US $10,000 into the United States. Cheng declared he brought US $7,000. Cheng pulled the currency from his black handbag he was personally carrying and showed currency for the CBPO and the CBPAS to see. The CBPO and the CBPAS continued to inspect the rest of the aircraft and asked one of the pilots to stay behind while the aircraft inspection was completed.

10. During the aircraft inspection, the CBPO moved the black carry-on bag that was in the back of the plane to the aisle area so it could be more visible. The CBPO noticed the black carry-on bag was heavier than normal for this size luggage.

/ / /

11. The CBPO proceeded to the CBP facility to conduct a secondary inspection. Cheng properly filled out a CBP Customs Declaration form 6059B. Question 13 on the form asks Cheng to declare currency or monetary instruments over the amount of US $10,000 or foreign equivalent and informs the traveler that there is further guidance and explanation as to the definition of monetary instruments on the back of the form.

12. Cheng reviewed the back of form 6059B, filled it out, signed it, and submitted it to CBPO Raymond Rodriguez.

13. The CBPO gave Cheng a CBP form 0503 (the currency reporting advisement in English). Lee also translated and explained form 0503 to ensure Cheng fully understood what Cheng would acknowledge and sign. Cheng signed the CBP form 0503, declaring he only brought US $7,000 into the United States.

14. The CBPO searched for, and found, a CBP form 0503 in Cheng's Chinese language to ensure further understanding. The CBPO provided the CBP form 0503 in simple Chinese to Cheng. Cheng again stated he was only bringing US $7,000 U.S. Currency and signed CBP form 0503 in Chinese. The CBPO advised Cheng that the CBPO would verify his currency and inspect the luggage located inside the aircraft.

15. In Cheng's black carry-on bag that was left on the aircraft between the bed and wall that separates the restroom, a white Dior box contained US $260,000.

16. The CBPO asked Cheng if he knew undeclared currency was in the black carry-on bag. Cheng admitted he owned the US $260,000 and knew the currency was in the black carry-on bag.

17. The CBPO requested the rest of the bags located in the cargo hold of the aircraft. A Dolce & Gabbana box was found inside a red suitcase containing US $1,000,000. An extra US $50,000 was loose inside the same box. Cheng admitted he withdrew the currency in small increments US $50,000 to US $100,000 from a bank over time and withdrew US $1,000,000 at one time in September 2021. Cheng stated the withdrawals were from the Bank of Communications in Hong Kong. He packed the currency in the boxes himself.

///

18. The CBPO seized the US $1,317,828 for alleged bulk cash smuggling and failure to report the currency. The denominations were as follows: 13,176 of US $100 bills, 8 US $20 bills, 4 US $10 bills, 3 US $5 bills, and 13 US $1 bills.

19. This Stipulation for Entry of Judgment of Forfeiture as to Kwanfei Chau (Stipulation) shall not constitute an admission of liability, wrongdoing, or fault on the part of Chau. She entered into this Stipulation to avoid costs, expenses, uncertainty, delay, and inconvenience of protracted litigation. The United States and Chau reach a full and final settlement in this Stipulation. Chau knowingly and voluntarily agrees to forfeit US $370,500 of US $1,317,828 to the United States in this civil judicial forfeiture.

20. Chau knowingly and voluntarily agrees to forfeit all possessory rights, ownership rights, and all rights, titles, and interests in the US $370,500 of the US $1,317,828.

21. Chau knowingly and voluntarily agrees this Court will impose the forfeiture of the US $370,500 of the US $1,317,828 in this civil forfeiture case.

22. Chau knowingly and voluntarily agrees to waive her right to any civil judicial forfeiture proceedings (proceedings) concerning the US $1,317,828.

23. Chau knowingly and voluntarily agrees to waive service of process of all documents filed in this action and any proceedings concerning the US $1,317,828 arising from the facts and circumstances of this case.

24. Chau knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorneys regarding the forfeiture and disposition of the US $370,500 of the US $1,317,828.

25. Chau knowingly and voluntarily agrees not to file any claim, answer, petition, and other documents in any proceedings concerning the US $370,500 of the US $1,317,828, agrees not to contest, and agrees not to assist any other person and entity to contest, the forfeiture of the US $370,500 of the US $1,317,828. Chau knowingly and voluntarily agrees to withdraw immediately any claims, answers, counterclaims, petitions, and other documents she filed in any proceeding concerning the US $370,500 of the US $1,317,828.

/ / /

26. Chau knowingly and voluntarily agrees to waive laches, the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, and all constitutional, statutory, legal equitable rights, defenses, and claims regarding the US $1,317,828, in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

27. Chau knowingly and voluntarily agrees to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the US $1,317,828, in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

28. Chau knowingly and voluntarily agrees to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the US $1,317,828, including, but not limited to, the excessive fines clause and the cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution.

29. Chau knowingly and voluntarily agrees the forfeiture of the US $370,500 of the US $1,317,828 complies with *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313, 315, 319 (9th Cir. 2021); and knowingly and voluntarily agrees to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the US $370,500 of the US $1,317,828 in any proceedings under *Honeycutt*, *Thompson*, and *Prasad*.

30. Chau knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of US $370,500 of the US $1,317,828 to the United States.

31. Chau knowingly and voluntarily agrees to waive her right to appeal the forfeiture of the US $370,500 of the US $1,317,828.

32. Chau understands the forfeiture of the US $370,500 of the US $1,317,828 shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed.

/ / /

33. Chau knowingly and voluntarily agrees to the conditions set forth in this Stipulation.

34. Chau knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice; the United States Attorney's Office for the District of Nevada; the United States Department of the Homeland Security; the Customs and Border Protection; the Homeland Security Investigations, Las Vegas BEST-Airport Group; the Department of United States Treasury; their agencies; their agents; and their employees from any claim made by Chau or any third party arising out of the seizure of the US $1,317,828 and the forfeitures of the of the US $370,500.

35. Chau knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice; the United States Attorney's Office for the District of Nevada; the United States Department of the Homeland Security; the Customs and Border Protection; the Homeland Security Investigations, Las Vegas BEST-Airport Group; the Department of United States Treasury; their agencies; their agents, their officers, and their employees from any and all claims, rights, or causes of action of any kind that Cheng now has or may hereafter have on account of, or in any way growing out of, the seizure of the US $1,317,828 and the forfeitures of the of the US $370,500 in the civil judicial forfeiture.

36. Chau knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made under this Stipulation, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Stipulation do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual

state; and (e) the exact sum delivered to David Chesnoff and Richard Schonfeld, on behalf of her may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

37. After the US $370,500 of the US $1,317,828 is forfeited in the civil case and the United States District Court has signed the Stipulation concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to Chau and Cheng one payment of US $947,328 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through David Chesnoff and Richard Schonfeld. Chau knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office so the payment of the money can be disbursed by electronic fund transfer. Chau knowingly and voluntarily agrees the US $947,328 may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

38. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

39. The Stipulation contains the entire agreement between the parties.

40. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

41. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

42. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and

or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

43. Each party shall bear her or its own attorneys' fees, expenses, costs, and interest.

44. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure of the US $1,317,828 and the forfeiture of US $370,500.

CHESNOFF & SCHONFELD

_____
DAVID CHESNOFF
Counsel for Kwanfei Chau
DATED: 5/19/23

CHESNOFF & SCHONFELD

_____
RICHARD SCHONFELD
Counsel for Kwanfei Chau
DATED: 5/19/23

_____
KWANFEI CHAU

JASON M. FRIERSON
United States Attorney

_____
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
DATED: _____

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: _____

or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

43. Each party shall bear her or its own attorneys' fees, expenses, costs, and interest.

44. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure of the US $1,317,828 and the forfeiture of US $370,500.

| CHESNOFF & SCHONFELD | JASON M. FRIERSON |
|---|---|
| | United States Attorney |
| _____ | DANIEL HOLLINGSWORTH (Digitally signed by DANIEL HOLLINGSWORTH Date: 2023.05.22 17:47:26 -07'00') |
| DAVID CHESNOFF | DANIEL D. HOLLINGSWORTH |
| Counsel for Kwanfei Chau | Assistant United States Attorney |
| DATED: _____ | DATED: _____ |

CHESNOFF & SCHONFELD

_____
RICHARD SCHONFELD
Counsel for Kwanfei Chau

DATED: _____

_____
KWANFEI CHAU

IT IS SO ORDERED:

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE
2:22-cv-00098-APG-EJY

DATED: June 12, 2023